## MILLER FOX *v.* DAVID CASH.

1. The clerk to the county commissioners is not forbidden by the law to be a purchaser of land sold at public sale by them for arrears of taxes. Nor is such purchase so opposed to the policy of the law as to make it iniquitous and void.

2. Where A., being such clerk, and B., agreed that B. should buy at such sale for their joint benefit, each paying an equal share, which was done, the contract between them was executed by the deed to B.; and if policy made the purchase void as against the public or the former owner, it would be good as between A. and B.

3. The statute of limitations is not a bar, where it was the duty of the defendant, standing in the relation of trustee to the plaintiff, to give him notice of the sale of the trust property, which he did not do.

ERROR to the Common Pleas of Bradford.

On the 7th October, 1834, William Fox, who was clerk to the commissioners of Bradford county, and David Cash, entered into an agreement in writing, by which it was agreed that Cash should bid off at commissioners' sale a tract of land in the warrantee name of Susanna Curry, and should take a deed from the commissioners in his own name, each party to pay half of the purchase-money and expenses, and to be jointly interested.   On the same day Cash bid off this tract at the commissioners' sale, and on the 23d December, 1834, the commissioners executed a deed to him.   On the 15th March, 1837, Charles Barclay, the former owner, instituted a suit in ejectment against Cash for this land.   Cash wrote to Fox informing him of this suit, and in various letters recognised his right in this land.   In one of these letters he asked Fox to agree to pay the whole of the counsel fees in the suit, which brought from Fox an angry letter in reply, in which he offered to abandon his whole claim to Mr. Cash if he would discharge him from his obligation to pay him one-half of the expenses, and he also stated that he had given him, according to his own letters, full power to do as he pleased with the suit, or abandon the claim to the land.   Mr. Cash took no notice of this letter, and Mr. Fox heard nothing more of the matter for many years, being absent from the county.   He accidentally learned that Cash had compromised the suit, and sold the land to Samuel Rhoades, Jr., the agent of Barclay, for $1,000, and that by deed of 29th October, 1840, recorded 7th November, 1840, he had conveyed the same to him.   This suit was brought by Fox on the 30th April, 1847, and is an action on the case in *assumpsit* for money had and received.   The plaintiff set out in his declaration the agreement and the subsequent purchase by and deed to Cash—that he then held the one half in trust for the plaintiff; that he sold the same, as well his own right as the right of the plaintiff, and received the purchase-money; that he neglected to give notice to plaintiff of such sale.   The defendant set up as a defence: 1. That the plaintiff abandoned his claim to Cash.   2. That the contract was not executed, and was against the policy of the law.   And 3. That the plaintiff's claim is barred by the statute of limitations.   The court below (CONYNGHAM, President) negatived the first, and sustained the second and third grounds of defence. The verdict was for the defendant.   The errors assigned here

covered the instruction of the court upon the second and third grounds of defence.

*Overton*, for plaintiff in error.—1. The deed was received by Cash in trust, and the contract was ended: Lewin on Trusts, 1, 9, 56. Trust is executed wherever there is a valuable consideration: Provost *v.* Gratz, 3 Peters's C. C. R. 364. At law being the owner, Cash could exercise any control over the land: Lewin, 249. If the consideration creating the trust was illegal, trustee cannot set it up against *cestui que trust:* 3 Peters' C. C. R. 364; Paley on Agency, 5, 27; 1 U. S. Dig., p. 108, pl. 315, 230. Nor can a party to a fraud set up his own fraud in defence: Churchill *v.* Siter, 1 Mass. R. 161; Reichart *v.* Castator, 5 Binn. 109; Sickman *v.* Lapsley, 13 S. & R. 224; Killinger *v.* Reidenhauer, 6 S. & R. 531; 9 Pick. R. 93; 5 Mass. R. 116. If Fox were even a trustee or agent for their land, yet it would form no defence to this action. A purchase against the policy of the law is yet good as to the parties: Painter *v.* Henderson, 7 Barr, 48; Buller's N. P. 258; 5 Binn. 109; 13 S. & R. 224; 6 S. & R. 531; 7 Johnson, 161; 5 Cowan, 347; 8 Ib. 543; 9 Pickering, 93; Bruch *v.* Lantz, 2 Rawle, 417; Fisk *v.* Sarber, 6 W. & S. 21; 2 Wheaton, 13; 3 Mason, 378; Sherk *v.* Endress, 3 W. & S. 255.

Fox was competent to purchase at commissioners' sale. He had no control over the sale. The deed conveyed a good title to Cash, and enabled him to transmit it. It was such a title as would make a trust created by him binding upon him in equity, and would make him liable to account for the trust.

As to the statute: This trust is purely technical, and is only cognisable in chancery, and therefore comes within the exception to the running of the statute. Generally it does not run between trustee and *cestui que trust*, but when the latter has notice of the act, the rule is, that, what would be a bar in law by statute, shall be equally so in equity. Fox should have had actual notice: he had a right to affirm or disaffirm the sale: Lewin, 241, 246, 319; 4 Kent's Com. 437. Implied notice, from recording the deed to Cash's vendee, is not sufficient: Rush *v.* Barr, 1 Watts, 120. As between attorney and client: Derrickson *v.* Cady, 7 Barr, 32.

*Elwell*, contrà.—The clerk could not purchase, and a contract that another should do it for him, is void. The spirit of the enactment, § 43, act 15 Ap. 1834, Purdon, 196, which prohibits commissioners from contracting with themselves, reaches their clerk,

who is appointed by them. As their clerk, he has it in his power to make evidence for himself, and it is against the policy of the law, that, having such a power, he should have any means of exercising it: Campbell v. Pa. Ins. Co., 2 Wh. 63; Lazarus v. Bryson, 3 Binn. 61; Lessee of Moody v. Vandyke, 4 Binn. 43; 2 Johns. Ch. R., 252; 1 Story's Eq. § 323; Leisenring v. Black, 5 Watts, 304.

The court will not lend its aid to carry out a contract which is illegal or against public policy: Broom's Maxims, 165, et seq. 178; 3 East, 222; 1 Story's Eq. § 298; Chitty on Contracts, ed. of 1844, p. 663 n.; 1 Powell Cont. 164, 195, 201; Cowper's R. 39; Mitchell v. Smith, 1 Binn. 123; 1 Smith's Leading Cases, 171; 5 Mass. 385; Ib. 541; 4 Peters's R. 184; 1 Story's Eq. § 258; Myers v. Hodges, 2 W. 381.

No trust that can be enforced was created by this contract. The plaintiff requires the aid of the illegal transaction: Swain v. Scott, 11 S. & R. 164; Legal Maxims, 451; 50 Law Lib. 224; Cowper R. 343; 6 T. R. 405.

Defendant, party to an illegal contract, may set up its illegality as a defence: 1 Binn. 121; 1 Smith's Leading Cases, 2d edition, 155. The contract here was not executed. Fox has no interest in possession; it is, if he has any, in action only, and is executory: 2 Kent. Com. 450.

The claim is barred by the statute, which is a bar in all cases except of technical and continuing trusts not cognisable at law: 5 Johns. Ch. R. 522; 7 Johns. Ch. R. 90; App v. Driesbach, 2 Rawle, 302; Lyon v. Maclay, 1 W. 271; Finney v. Cochran, 1 W. & S. 112.

The opinion of this court was delivered by

COULTER, J.—The clerk to the commissioners is not forbidden by the law to be a purchaser of a tract of land sold at public sale by the commissioners for arrears of taxes. Nor is it so opposed to the policy of the law as to make it iniquitous and void. The sale is open to all, except the commissioners themselves, who are the vendors, and cannot therefore both sell and buy. The clerk is merely the scrivener or ministerial agent of the commissioners. He is, it is true, employed or appointed by the commissioners subject to their directions and instructions, and without any independent authority or control over such sales; has no power in ordering, arresting, or continuing them, or in directing to whom the lands shall be stricken down. Everything he does in relation

to them must necessarily be in subservience to the directions of the commissioners. And if he was the highest and best bidder at the sale, and the commissioners, who are sworn public officers, made him a deed in pursuance of the purchase, it is opposed by no statutory prohibition, or any rule of public policy that has been recognised by our courts.

If the clerk of the commissioners had been the purchaser himself, and received a deed from the commissioners, and afterwards sold the land, he would undoubtedly be entitled to recover the purchase-money.

But in this case he was not the purchaser himself, but interested to the extent of one moiety, in the tract purchased by Cash, the defendant.

Cash and Miller Fox, who was the clerk, on the day of sale entered into a written agreement, that Cash should buy at the sale a tract, in the name of Curry, for their mutual and joint benefit, each to pay an equal proportion of the purchase-money and expenses.

Cash made the purchase, and received a deed from the commissioners in 1834.

Afterwards an ejectment was brought against Cash for the land, by the former owner, during the pendency of which, he called on Fox, by letter, to assist in conducting the suit. Before it was finally tried, Cash compromised and made a deed, himself and wife, to the agent of the plaintiff, in that suit, who was the former owner, on the 29th October, 1840. Some time before that, as alleged (and there is no evidence to the contrary), Fox, who had committed the management to Cash, left the neighbourhood, and did not know of the sale by Cash until shortly before this suit was brought on the 13th April, 1847.

The court below was of opinion that the contract was executory, and against the policy of the law, and that, therefore, Fox could not recover his share of the purchase-money.

But the contract was executed by the purchase at the commissioners' sale, and by the deed made to Cash in pursuance thereof. All that was against the policy of the law, even in the opinion of the court below, was fully executed and accomplished by the deed from the commissioners to Cash. From thenceforth Cash was the trustee of one moiety for Fox.

For even if public policy made the purchase void, as against the county, or the former owner; it would nevertheless be good as between Cash and Fox. It would be iniquitous to allow Cash to

pocket the whole proceeds, when Fox had paid half the consideration and expenses.

In Lestapies v. Ingraham, 5 Barr, 81, the Chief Justice says, "True it is that an illegal contract will not be executed, but when it has been executed by the parties themselves, and the illegal object of it has been accomplished, the money or thing which was the product of it may be a legal consideration among themselves for a promise, either express or implied; and the court will not unravel the transaction to discover its origin." The case of Fackney v. Reynous, 4 Burr. 2069, cited by the Chief Justice in the above case, which was a bond given by one of two stockjobbers, for a difference in amount paid in a stock-jobbing transaction, prohibited by act of Parliament, is directly in point. It was held that the bond was good. But we are of opinion that there was nothing illegal or against the policy of the law in the transaction, and that Fox has a lawful and just claim against Cash for a moiety of the money he received for the land, together with interest.

The statute of limitations is not a bar to the plaintiff's action. Fox was not bound to know the precise time when Cash sold the land. It was the duty of Cash to give him notice. Cash was, in fact, the trustee, and Fox the *cestui que trust* of one moiety of the money for which the land was sold, and which is claimed in this action.

Judgment reversed, and *venire de novo* awarded.