## The Safe Deposit & Trust Company, Administrator d. b. n. c. t. a. of the Estate of John Wallace, Deceased, Appellant, *v.* Diamond National Bank.

*Banks and banking—Checks—Executors and administrators.*

Where checks are made payable or indorsed to an administrator, and he indorses the checks as administrator, and deposits them in his personal account in a bank in which he has no account as administrator, the proceeds of such checks are subject to be drawn out upon his personal checks, and, if misappropriated when so drawn out, the bank will not be liable for the loss.

Argued Nov. 2, 1899.     Appeal, No. 178, Oct. T., 1899, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., June T., 1897, No. 734, on verdict for defendant.     Before GREEN, MC-COLLUM, MITCHELL, FELL and BROWN, JJ.     Affirmed.

Assumpsit for money had and received.   Before COLLIER, J.

At the trial it appeared that in 1891, Theodore Doerflinger was administrator of the estate of John Wallace, deceased. He was a depositor in the Diamond National Bank, having an individual account and also one as treasurer of the Modern Building & Loan Association.   He had no account as administrator. In July and August, 1891, he received three checks for the estate of John Wallace, deceased, amounting to more than $9,000. The first two were checks made to his order as administrator; the third was indorsed to his order as administrator.   He indorsed all three checks as administrator, deposited them in his individual account, and subsequently checked out the proceeds for his private purposes, with other moneys of his own.   He subsequently filed an account in which he admitted a large balance due by him to the estate.   He died without having paid over this balance, and the plaintiff was substituted as administrator in his place.   Plaintiff contended that the bank was liable for the whole of the proceeds of the checks which had been made payable to Doerflinger as administrator.

The court gave binding instructions for defendant.   Plaintiff appealed.

*Error assigned* was the instruction of the court.

*William Kaufman*, with him *J. R. Braddock*, for appellant.—
Where a party purchases trust property knowing it to be such
from a trustee, in violation of the objects of the trust, courts of
equity force the trust upon the conscience of the guilty party
and compel him to perform it and to hold the property subject
to it in the same manner as the trustee himself held it: 2 Story's
Eq. Jurisprudence, sec. 1257; 1 Story's Eq. Jurisprudence,
sec. 422; Walsh v. Stille, 2 Chester Co. Rep. 427.

There is abundant authority for the doctrine that the real
ownership of a fund deposited in a bank may be shown to be in
another than the person in whose name the deposit is made, and
a fund may be recovered from the bank by the owners, if the
bank has not been misled or prejudiced by the apparent owner-
ship: Fisher v. Knight, 17 U. S. App. 502; Erisman v. Del.
County Nat. Bank, 1 Pa. Superior Ct. 144; Brown v. Pettit,
178 Pa. 17; Duncan v. Jaudon, 15 Wallace, 165; Shaw v.
Spencer, 100 Mass. 382; Bayard v. Bank, 52 Pa. 232; Hinds's
Est., 183 Pa. 260; Thompson v. Sproul, 179 Pa. 266; Farmers'
& Mechanics' Nat. Bank v. King, 57 Pa. 202; Stair v. York
Nat. Bank, 55 Pa. 364; Bank of Northern Liberties v. Jones,
42 Pa. 536; Farmers' Loan & Trust Co. v. Fidelity T. Co.,
56 U. S. App. 729; West St. Louis Savings Bank v. Shawnee
County Bank, 95 U. S. 557; Anderson v. Kissam, 35 Fed. Rep.
699; Mechanics' Bank v. R. R. Co., 13 N. Y. 599; Duckett v.
Mechanics' Bank of Baltimore, 86 Md. 400; Bundy v. Town of
Monticello, 84 Ind. 119; Bank v. Mining Co., 165 Ill. 103.

It is a well settled principel that where a bank knows that
money deposited with it to the general credit of a depositor
is held in trust, the bank has no right to apply such deposit to
the payment of a note due it from the depositor: Fisher v.
Knight, 17 U. S. App. 502; Clemmer v. Drovers' National Bank,
157 Ill. 206; Merchants' Nat. Bank v. Phillip & Wiggs Ma-
chinery Co., 15 Texas Civil App. 159; American Trust &
Banking Co. v. Boone, 102 Ga. 202.

*W. B. Rodgers*, for appellee, was not heard, but cited in his
printed brief: Farmers' & Mechanics' National Bank v. King,
57 Pa. 202; Citizens Nat. Bank v. Alexander, 120 Pa. 484;

Coleman v. Bucks & Oxon Union Bank, Law Rep. (1897) 2 Chancery, 243; Munnerlyn v. Augusta Savings Bank, 88 Ga. 333; Nat. Bank v. Ins. Co., 104 U. S. 54; Union Stock Yards Bank v. Gillespie, 137 U. S. 411; Goodwin v. American National Bank, 48 Conn. 550.

PER CURIAM, January 2, 1900:

Upon the checks which were received by the administrator he had the undoubted right to draw the money and, if he chose, thereupon to deposit the money thus received to the credit of his own account, he had a perfect right to do so. What he did do was nothing more than the equivalent of such action on his part. The money having gone into his own account was subject to be drawn out upon his personal checks which the bank could not refuse to pay. The question is entirely different from the one which would arise if after the deposit was made it was claimed as money of the trust and the bank was notified of the claim before it was paid, but that is not this case.

Judgment affirmed.