# Pennsylvania Title & Trust Company *v.* Meyer et al., Appellant.

*Banks and banking—Depositor—Attorney.*

Where a person opens an account in a bank as attorney for another person named, the bank, in the absence of notice of intended misappropriation, is bound to pay the attorney's checks on the deposit, and hence will be protected in paying them.

Argued Nov. 4, 1901.  Appeal, No. 111, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1899, No. 713, non obstante veredicto, in case of Pennsylvania Title & Trust Company, Administrator of Anna Baumann, Deceased, v. George Meyer et al., Partners as the Real Estate Loan & Trust Company.  Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.  Affirmed .

Assumpsit to recover a bank deposit.  Before McCLUNG, J.

At the trial the jury returned a verdict for plaintiff for $5,305, subject to a question of law reserved as follows :

Whether the admitted fact that Frank J. Fertig checked the money, here sued for, out of the bank upon checks signed in the same manner as the deposit was made, to wit: Frank J. Fertig, attorney for Anna Baumann, and that without any other notice of the title of Anna Baumann than that given by the form of the deposit; and also without any notice that any authority conferred upon him by the method of making the deposit was revoked, the bank has legally paid the money or the defendants have legally paid the money, and relieved themselves from liability to the plaintiff in this suit.

The court entered judgment for defendant non obstante veredicto, McCLUNG, J., filing the following opinion :

The defendants in this case were doing a banking business, receiving deposits subject to check.  Frank J. Fertig opened an account in the bank in the name of "Frank J. Fertig, attorney for Anna Baumann."  He checked against this account, signing the checks as the account was opened.  The bank paid the checks, and the money in the account was thus paid out.

After the death of Mrs. Baumann, her administrator sued the bank, averring that the account as opened showed the money to be that of Mrs. Baumann, and that the bank had no legal right to pay it out on the checks of Fertig, attorney.

The account did show that the money belonged to Mrs. Baumann : Burger v. Burger, 135 Pa. 499.

It does not, however, follow that she alone had the right to check against it.   The relation between a bank and its customer is that of debtor and creditor; but still it is not the ordinary simple case of one party owing another money.   As is said in Patterson v. Marine Nat. Bank, 130 Pa. 419 : "A bank is an institution of a quasi-public character," and "when a bank, without legal cause, refuses to honor a check drawn upon it by a depositor, something more than a mere breach of contract is involved, and it is liable to the depositor for substantial damages."

"The agreement of the bank is to repay the deposits to the person who makes the deposit, or upon checks drawn by him. The bank cannot set up an adverse title to defeat the claim of its own depositor : " First Nat. Bank v. Mason, 95 Pa. 117.

When the law holds the bank to so strict a responsibility, it must, of course, adopt strict and certain rules by which the bank will know who is the "depositor."   "A bank account, even when it is a trust fund and designated as such by being kept in the name of the depositor as trustee, differs from other funds which are permanently invested in the name of trustees, for the sake of being held as such.   For a bank account is made to be checked against, and represents a series of current transactions.   The contract between the bank and the depositor is that the former will pay, according to the checks of the latter, and when drawn in proper form the bank is bound to presume that the trustee is in the course of lawfully performing his duty, and to honor them accordingly : Central Nat. Bank v. Connecticut Mutual Life Insurance Co., 104 U. S. 54.

It follows from this rule, that in the present case, Fertig was the depositor, and the bank, in the absence of notice of intended misappropriation, was bound to pay his checks, and hence will be protected in paying them.

The designation of the party for whom the depositor is acting has its uses, as in case of an execution attachment, or an attempt

by the bank to appropriate the money to the payment of an individual debt of the depositor. See First Nat. Bank v. Mason and Central Nat. Bank v. Connecticut Mutual Life Ins. Co., supra.

But, say plaintiff's counsel, under Kerr v. People's Bank, 158 Pa. 305, Mrs. Baumann was the depositor.

We do not so understand the Kerr case. In that case the deposit was in the name of William Kerr, with the memorandum added, " by Varner Kerr." This indicated that William Kerr was both depositor and owner. In the present case, the deposit is in the name of " Frank J. Fertig, attorney for Anna Baumann." This indicates that while Mrs. Baumann is the owner, Fertig is the depositor.

Nor can it be said, that inasmuch as in each case a party not the owner actually opened the account, this is a distinction without a difference, or that there is nothing in it to put the actual owner of the money on his guard.

When one party entrusts another with money to be deposited in bank, we must assume that he will require the return of the pass book, showing the form of the deposit.

In the Kerr case, an examination of the pass book would have shown that the owner was the depositor, and that he alone had the right to check upon the deposit.

In the case in hand, an examination of this book would have shown that Fertig was the depositor, and if the owner did not wish to trust him, it was her duty to have the form of the deposit changed, or at least to notify the bank not to pay Fertig's checks. A mere notice would have been effective, because the money was by deposit identified as the money of plaintiff's intestate.

No notice was given that there was danger of misappropriation, nor does it even appear that there was any misappropriation.

And now, to wit: January 31, 1901, it is ordered that judgment be entered in this case, upon the question of law reserved, in favor of defendants, non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*John D. Brown*, with him *James W. Collins*, for appellant,

cited: Fletcher v. Integrity Title Ins., Trust & Safe Deposit Co., 31 W. N. C. 503.

*W. B. Rodgers*, with him *E. G. Hartje*, for appellee, cited: First Nat. Bank v. Mason, 95 Pa. 117; Central Nat. Bank v. Connecticut Mutual Life Ins. Co., 104 U. S. 54; American Trust & Banking Co. v. Boone, 102 Ga. 202; 29 S. E. Repr. 182; Munnerlyn v. Augusta Savings Bank, 88 Ga. 333; 14 S. E. Repr. 554; Safe Deposit & Trust Co. v. Diamond National Bank, 194 Pa. 334; Boone v. Citizens' Savings Bank, 84 N. Y. 83.

PER CURIAM, January 6, 1902:

This judgment is affirmed on the opinion of the court below in entering judgment for defendant non obstante veredicto.