# Pennsylvania Co. for Insurances on Lives, etc., et al. *v.* Ninth Bank & Trust Co., Appellant.

Argued November 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*D. Arthur Magaziner,* with him *Clinton O. Mayer,* for appellant.—Since the fiduciary deposited to his personal credit a check drawn by him upon an account in his own name as fiduciary, the bank was not required to make inquiry, and is not liable unless it had actual knowledge of the wrong, or acted in bad faith: Fehr v. Campbell, 288 Pa. 549, 563.

It would seem that when the checks drawn against the Hall Estate account were presented for payment, even though they were drawn to the order of Nickles and by him endorsed for deposit, defendant bank had no alternative but to honor the checks. There was nothing about the checks to indicate whether they were drawn for commissions due payee as trustee, or for moneys advanced by him for investment in the name of the estate.

Since the fiduciary carried two personal bank accounts, showing a substantial balance when taken as one, he was not indebted to the bank; and his deposit in his overdrawn account of a check drawn against a fiduciary account did not make the bank liable.

Negligence is not bad faith; knowledge and good faith are questions of fact for the jury: First Nat. Bank v. Trust Co., 297 Pa. 115; Buehler v. Fashion Plate Co., 269 Pa. 429; Snellenburg Clothing Co. v. Levitt, 282 Pa. 65.

The statute of limitations applies: Wickersham v. Lee, 83 Pa. 422; Etter v. Greenawalt, 98 Pa. 422; McCanna's Case, 77 Pa. Superior Ct. 1; Brown v. Campbell, 1 S. & R. 176; Gardner's Est., 228 Pa. 282; Osterling v. Trust Co., 260 Pa. 64; York's App., 110 Pa. 69; Marshall's Est., 138 Pa. 285.

*Charles I. Thompson,* with him *Robert Brigham,* for appellees.—The bank acted at its peril in accepting trust funds in payment of Nickles's personal debt and

is liable: Norristown-Penn Trust Co. v. Middleton, 300 Pa. 522.

Appellant cannot argue that the general rule is not applicable because there was a balance in the Nickles's special account on September 25, 1926, in excess of the overdraft.

In this case there is no question whether or not the bank was negligent in receiving the check, nor does it make any difference whether the bank knew or did not know that Nickles was engaged in a breach of trust: Norristown-Penn Trust Co. v. Middleton, 300 Pa. 522; Schmitt v. Title & Trust Co., 61 Pa. Superior Ct. 301.

Appellant cannot argue that there was nothing about the check to indicate whether it was drawn for commissions to Nickles as trustee, or for moneys advanced by him for investment in the name of the estate: Schmitt v. Potter T. & T. Co., 61 Pa. Superior Ct. 301.

The check itself, drawn upon the trust account to the order of Nickles personally and endorsed by him to the bank, was seen by them; they, therefore, knew that the trustee was depositing trust funds to his personal account; they knew, because Nickles's personal account was overdrawn, that trust funds were being used to pay his personal debt to the bank: Bedford Nat. Bank v. Stever, 169 Pa. 574.

The suit is not barred by the statute of limitations: Marshall's Est., 138 Pa. 285; Duckett v. Bank, 86 Md. 400; Elliott v. Machine Co., 236 Mo. 546; Case v. Goddman, 250 Mo. 112.

OPINION BY MR. JUSTICE DREW, January 5, 1932:

This is an appeal from the action of the court below in making absolute a rule for judgment for want of a sufficient affidavit of defense.

There are no disputed facts in the case. By the will of Charles F. Hall, who died on February 2, 1901, Mary I. Hall, one of the plaintiffs, was designated executrix of his estate, and she was given a life interest in the in-

come therefrom. She acted as executrix until February 7, 1921, on which date, on petition of all parties, Mary I. Hall and Theodore E. Nickles were appointed trustees of the estate, and from that date its entire management was left in Nickles's hands. He was a vice-president and director of the Northern National Bank, and carried the Hall Estate account in that bank. He also carried therein two personal accounts, one in the name of "Theodore E. Nickles," the other in the name of "Theodore E. Nickles, Special." On September 24, 1924, the bank account standing in the name of "Theodore E. Nickles" was overdrawn to the amount of $2,754.11, and there was a credit balance in the "Theodore E. Nickles, Special" account of $3,628.56. On that day Nickles drew a check, which showed on its face that it was drawn on the Hall account, having printed on it "Estate of Charles F. Hall, Dec'd," to his own order in the sum of $4,000. The next day he deposited this check in the "Theodore E. Nickles" account, thereby paying his personal debt to the bank. The defendant is, by merger, the successor of the Northern National Bank. Nickles's fraudulent conduct was not discovered until after his death in 1930, and the appointment of the plaintiff company as trustee in his stead. Within two months after the appointment of the new trustee, this action of assumpsit was begun.

As the allowance of the overdraft was in the nature of a loan (Pittsburg v. First Nat. Bank, 230 Pa. 176, 183), the defendant bank was in a dual position; it was the repository of the trust funds, and a creditor of the trustee. It is well settled that one who accepts a check drawn on a trust account to the order of the trustee in payment of a personal debt of the trustee is liable to the beneficiary if the trustee has committed a breach of his obligation: Norristown-Penn Trust Co. v. Middleton, 300 Pa. 522; Schmitt v. Potter Title & Trust Co., 61 Pa. Superior Ct. 301. See also Fehr v. Campbell, 288 Pa. 549; Odd Fellows Home v. Velenchick Bros., 73 Pa.

Superior Ct. 153. This principle was incorporated in the Uniform Fiduciaries Act—Act of May 31, 1923, P. L. 468, section 5—which expresses the law as theretofore existing: Norristown-Penn Trust Co. v. Middleton, supra. In its capacity as depositary, the defendant bank would not be made liable merely by the act of the trustee in drawing out trust funds to pay his personal debt, in the absence of notice of the breach of trust: Pennsylvania Title & Trust Co. v. Meyer, 201 Pa. 299. But if the bank has knowledge of the facts, so that it knows that for it to honor a check drawn by the trustee will be to aid a breach of trust, the bank will be liable for the amount of any checks thus honored: Frazier v. Erie Bank, 8 W. & S. 18; Penn Bank v. Frankish, 91 Pa. 339; Safe Deposit & Trust Co. v. Diamond Nat. Bank, 194 Pa. 334. This principle is covered by section 9 of the Uniform Fiduciaries Act, supra. In the instant case no action by anyone was necessary to inform the bank, as it had knowledge of all the facts essential to show a breach of trust. When the check on the trust account was accepted by the bank, and it credited the amount on its books in payment of Nickles's personal debt to the bank, it participated in a transaction which was a breach of trust; it could not properly honor the check—by crediting the amount to his account.

In both capacities the defendant bank acted wrongfully, and must be held liable to the injured beneficiary of the trust; as a creditor, the bank received this check under circumstances giving notice that the trustee was committing a breach of trust, and as depositary of the trust funds, it paid the check, knowing that it was being used in a breach of trust.

It is contended that as there was a credit balance, taking Nickles's two personal accounts into consideration, he was not indebted to the bank, that therefore the bank was not in the position of a creditor, and that hence the notice imputed to one who accepts a check on a trust account in payment of a personal debt of the trustee

cannot be imputed to the defendant bank. The learned judge of the court below has answered this argument conclusively in his memorandum opinion; he says: "While the bank could, perhaps, have protected itself by setting off the amount of the overdraft against the credit balance in Nickles's special account, it did not, in fact, do so, but accepted moneys which it was on notice from the face of the check were trust funds, and applied them to the discharge of the trustee's personal debt to it."

It is further contended by the appellant that inasmuch as the transaction upon which this action of assumpsit is based took place six years and two months before the suit was begun, the statute of limitations has run, and the plaintiffs are barred from recovering upon their claim. The defendant having received trust property from a trustee with knowledge that he was acting wrongfully—was paying off his personal debt with trust funds—joined in the breach of the trust and thus became a trustee ex maleficio. As a participant in the breach of trust, it holds the property impressed with the same trust, and is subject to the same rules and remedies, and has no greater rights or privileges, than the original trustee from whom it received the property: Harrisburg Bank v. Tyler, 3 W. & S. 373; Sadler's App., 87 Pa. 154; Marshall's Est., 138 Pa. 285; Jackson v. Thompson, 222 Pa. 232; Hall v. Windsor Savings Bank, 97 Vt. 125; Duckett v. Nat. Mechanics' Bank, 86 Md. 400. In Perry on Trusts, 7th edition, section 217, it is said: "It is a universal rule, that if a man purchases property of a trustee, with notice of the trust, he shall be charged with the same trust, in respect to the property, as the trustee from whom he purchased." An express trustee, as was Nickles, may not plead the statute of limitations: Fox v. Cash, 11 Pa. 207; Norris's App., 71 Pa. 106; Marshall's Est., supra; In re Passmore, 194 Pa. 632; Gruber v. Hays, 280 Pa. 489. Nor, in the case of an express trust, does the statute begin to run in favor of the trustee until he has repudiated his trust

and knowledge of this has been brought home to the cestui que trust: Bruner v. Finley, 187 Pa. 389, 406; Morrison v. Blake, 33 Pa. Superior Ct. 290. The defendant, who assisted Nickles to embezzle trust funds, who knowingly received and retains the benefit of the breach of trust, can no more claim the benefit of the statute than could Nickles himself (Marshall's Est., supra); all persons so offending are equally culpable, they are joint tort-feasors, there is no primary or secondary liability between them, they are equally amenable: Hall v. Windsor Savings Bank, supra; Duckett v. National Mechanics' Bank, supra.

The statute of limitations applies to all cases at law and in the orphans' court, and to all cases in equity except those technical and continuing trusts over which equity has exclusive jurisdiction: Yorks's App., 110 Pa. 69; Keyser's App., 124 Pa. 80; Hostetter v. Hollinger, 117 Pa. 606. But the statute, however, does not begin to run in favor of a participant in a breach of trust until the discovery of the fraud, that is, until the cestui knows, or under the circumstances ought to know, of the facts that give rise to his cause of action. It does not begin to run in favor of an express trustee who has repudiated his trust until knowledge of the repudiation has been brought home to the cestui que trust. And in actions based upon fraud, where the fraud has been actively concealed, or where a relationship of trust and confidence exists, it does not begin to run until the discovery of the fraud: Sankey v. McElevey, 104 Pa. 265; Smith v. Blachley, 198 Pa. 173.

For these reasons it follows that the defendant is equally liable at law or in equity for the trust funds wrongfully taken. The judgment of the court below is affirmed.