NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-1879

_____

RONALD M. APPEL; RITA APPEL; NANETTE APPEL-BLOOM,
INDIVIDUALLY AND ON BEHALF OF A
CLASS OF PERSONS SIMILARLY SITUATED,

Appellants

v.

GERALD S. KAUFMAN; GERALD S. KAUFMAN CORPORATION,
A DELAWARE CORPORATION; CAROL F. KAUFMAN; ARIES CAPITAL
INCORPORATED, AN ILLINOIS CORPORATION; NORWEST
BANK MINNESOTA, A NATIONAL ASSOCIATION

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-08-cv-00392 )
District Judge:  The Honorable Mary A. McLaughlin

Submitted Under Third Circuit L.A.R. 34.1(a)
January 10, 2012

BEFORE:  FUENTES, JORDAN, and NYGAARD, *Circuit Judges*

(Filed: April 26, 2012)

_____

OPINION OF THE COURT

_____

NYGAARD, *Circuit Judge*

Because this opinion is not precedential, we write briefly only for the parties. The suit arises from a 1959 Agreement concerning the Terminal Commerce Building in Philadelphia, establishing a tenancy-in-common among approximately 600 investors and naming five nominees who held title to the property and managed it. Ronald M. Appel, Nanette Appel-Bloom, and Rita Appel (collectively "Appels"), who inherited interests in the property of two original nominees, appeal the District Court's dismissal of their civil suit that was brought individually and on behalf of a class. We will affirm.

The Appels filed suit on November 27, 2007 alleging fraud and breach of fiduciary duty by Gerald S. Kaufman, the son of another nominee, who also held an interest in the property and manages it. The suit sought damages for fraud and breach of fiduciary duty (Count 1), an accounting and appointment of a receiver (Count 2), a declaratory judgment invalidating deeds granting Kaufman and his corporation title to the property (Count 3), and a partition requiring the sale of the property and a distribution of the proceeds to the tenants-in-common (Count 4).[1]

On appeal, the Appels assert that the District Court improperly denied their Rule 56(f) motion for a continuance to depose Kaufman. They also challenge the District Court's conclusion that Count 1 (their claim of fraud and breach of fiduciary duty) and Count 3 (their claim for a declaration invalidating certain deeds) were barred by a statute

---

[1] Counts 1, 2, and 4 also named as defendants Gerald S. Kaufman Corporation and the wife of Gerald S. Kaufman, Carol F. Kaufman. Count 3 also named as defendants Aries Capital Incorporated and Norwest Bank Minnesota, now known as Wells Fargo Bank. We refer to these defendants collectively as "Wells Fargo, et al."

of limitation. They argue that the District Court erred by holding that their claims for an accounting and receivership were barred by either a statute of limitation or laches. Finally, they appeal the District Court's decision that the 1959 Agreement prohibited their claim for partition of the property. We will address each issue separately.

The Appels claim that the statute of limitation did not run against their fraud and breach of fiduciary duty claim (Count 1), and is inapplicable to their declaratory judgment claim (Count 3). Breach of fiduciary duty and fraud are governed by a two-year statute of limitation. 42 Pa.C.S. § 5524. However, alleging that there is no evidence of an express repudiation of the trust by Kaufman, the Appels attempt to side-step section 5524, arguing that it is settled law that a statute of limitation cannot run in favor of a trustee until such a repudiation occurs. Yet, the Appels ignore the fact that they accuse Kaufman of fraud and breach of fiduciary duty, acts that—if true—would repudiate the trust. *See Pennsylvania Co. for Insurances on Lives and Granting Annuities, v. Ninth Bank & Trust Co.,* 158 A. 251, 253 (Pa. 1932).

In support of its conclusion that a time bar applies, the District Court detailed correspondence between the Appels and Kaufman dating from 1997 through March 2001 that accuse Kaufman of the very same misconduct that comprises their claims of fraud and breach of fiduciary duty in the instant suit. This substantiates their undisputed knowledge of such acts at that time. Given that they did not file suit until 2007, the District Court did not err by applying the two-year statute of limitation to Count 1.

Likewise, since the declaratory relief the Appels sought in Count 3 was predicated upon the fraud claim at law, the District Court properly dismissed this claim at equity as well.[2]

As to the claims for an accounting and receivership, the District Court noted that the Appels first requested such an accounting on January 18, 2001 and it also detailed Kaufman's responses to their demands. Moreover, there is no dispute that witnesses died and others lost recall of relevant facts while the Appels sat on their claims. We agree with the District Court that, even with every reasonable inference drawn in favor of the Appels, the undisputed record supports conclusions that the Appels failed to exercise due diligence and that prejudice to the defendants has been adequately demonstrated. The District Court correctly decided that laches bars Count 2 of the complaint.

Regarding Count 4, assertions of the District Court's error have no merit. The District Court properly exercised its authority and correctly concluded that Paragraph 3 of the 1959 Agreement is valid and binding. Therefore, we concur that the Agreement precludes the instant claim.

---

[2] To the extent that the Appels base their declaratory judgment claim on their alleged 2008 discovery of two deeds and a mortgage, uncontroverted evidence shows they had knowledge of a mortgage no later than March 2001, substantiating a conclusion that the defendants failed to exercise due diligence to discover these documents of public record from 1999 and earlier. Additionally, as to the declaratory judgment claim against Wells Fargo, et al., while they are not named in the fraud/breach of fiduciary duty claim, a bar applies because any declaration invalidating the deeds or mortgage would be predicated upon the alleged fraud by Kaufman. Moreover, even if—as the Appels suggest—the suit is construed as a quiet title action, laches would apply for substantially the same reasons raised in our discussion of Count 2 (*see infra*). *See Dorsch v. Jenkins*, 365 A.2d 861, 864 (Pa. Super. Ct. 1976). As a result, the District Court properly barred the claim against Wells Fargo, et al.

The Appels construe the District Court's decision on their Rule 56(f) motion for a continuance to depose Kaufman as an ex post facto ruling, occurring after the entry of summary judgment. They also challenge the District Court's denial of this motion. They are mistaken about the timing of the decision because the District Court preceded its discussion of summary judgment with an analysis of the Rule 56(f) motion.[3] Moreover, we find no abuse of discretion in the District Court's decision to deny the motion. *Rencheski v. Williams*, 622 F.3d 315, 339 (3d Cir. 2010).

Finally, the Appels claim that the District Court relied upon "perjurious" statements to dismiss this case. The allegations of perjury are thinly veiled attempts to recharacterize legal arguments raised elsewhere in their suit. Moreover, after reviewing the District Court's decision, we conclude that the District Court correctly stated that the dispute over the affidavit was not material to its decision.[4]

For all of these reasons, we will affirm the order of the District Court.

---

[3] The written sequence of the District Court's disposition of the various motions in the July 29, 2010 order is of no consequence.

[4] The Appels' request for assignment of the case to a different district court judge is mooted by our decision.