## In re Assigned Estate of Levis Passmore.    Appeal of Kate S. Passmore.

*Assignment for creditors—Citation to account—Pleading.*

Where an answer by an assignee for creditors to a petition for a ·citation to account admits that the petitioner was the only creditor unpaid, but avers that he had agreed that all the other creditors should be paid, and that the business should be carried on by the assignor and the assignee, and also avers that the business was carried on at a loss, and was subsequently wound up without assets sufficient to pay the debt, and the petitioner, in a replication, denies all the averments of the answer, the court should make absolute a rule for a citation.

*Statute of limitations—Assignment for creditors.*

An assignee for creditors is a trustee, and he cannot plead the statute of limitations against creditors who are cestuis que trust, and who are interested as owners of the assigned estate.

Argued Jan. 18, 1900.    Appeal, No. 315, Jan. T., 1899, by Kate S. Passmore, from order of C. P. No. 1, Phila. Co., June T., 1889, No. 438, discharging rule for citation.    Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.    Reversed.

Rule for citation.

The petitioner averred that on May 22, 1889, Levis Passmore made an assignment for creditors to John N. M. Shimer; that petitioner was a creditor, and that the assignee had never entered security nor filed an account of his trust.

The assignee filed an answer to which the petitioner filed a replication.

The averments of the answer and of the replication are set forth at length in the opinion of the Supreme Court.

The court discharged a rule for citation.

*Error assigned* was the order of the court.

*Joseph S. Goodbread*, for appellant.—When the claim of the petitioning creditor is denied, he is required only to make out a prima facie claim to entitle him to the account: Lightner's Est., 144 Pa. 273 ; Kern's Est., 11 Lanc. Law Rev. 15 ; Whitney's App., 22 Pa. 500.

As the assignment is a direct trust, the assignee cannot plead the statute of limitations against a creditor: Coates's Est., 2 Parsons's Select Equity Cases, 258; Ross v. McJunkin, 14 S. & R. 369; Adlum v. Yard, 1 Rawle, 171.

*J. McGregor Gibb*, with him *R. C. Dale*, for appellee, cited, Mellish's Est., 1 Parsons's Select Equity Cases, 482; Weiskettle's App., 103 Pa. 525.

OPINION BY MR. CHIEF JUSTICE GREEN, February 19, 1900 :

The appellant applied by petition to the court below as a creditor of the assignor for a rule to show cause why the assignee should not file an account. She set forth in her petition the fact of the assignment, the fact of her being a creditor, and that the assignee had not entered security nor filed any account though more than ten years had elapsed since the assignment, and she prayed for the rule to show cause. To this petition the assignee filed an answer admitting the assignment made in 1889; that he took possession of the property and assets of the assignor, and that an appraisement was made showing assets of the value of $4,617.83. He alleged that after the assignment was made it was agreed between the petitioner, who was the wife of the assignor, and her husband and the assignee, that the creditors of the assignor, excepting the petitioner, should be paid or satisfied, and that the business of the assignor should be carried on by the assignee. It was further alleged in the answer that all the creditors except the appellant were paid, that their claims were in excess of the assets, and that the business was carried on by the assignee, the assignor being placed in charge thereof by the request of the petitioner; that the business was a failure and resulted in a heavy loss, and that the business was wound up and settled, the assets not being sufficient to pay the debts. The answer further suggests that the petitioner's claim is barred by the statute of limitations. To this answer the appellant filed a replication in which she said it was not true that it was agreed between her and her husband and the assignee that creditors of the assignor, excepting the petitioner, were to be paid or satisfied. She alleged further that it was not true that the business was to be carried on by the assignee and the assignor, as was alleged in the answer; that she had no knowledge whether the

business was carried on at a loss and that the assignee knew that she was a creditor of the assignor, and that she had obtained judgment against him for $11,702.32 on May 10, 1889, which was before the assignment.   The case was heard on these pleadings without any testimony being taken, and the court discharged the rule without filing any opinion.

It will be observed that the answer admits the fact of the assignment; that the assignee took possession of the property and assets which amounted to over $4,000; that he carried on the business as assignee; that the petitioner was a creditor whose debt was not paid; that the debts of the assignor were all paid except that of the petitioner, and that the business was closed up and settled.   He avers that the petitioner agreed that all the other debts might be paid, and that the assignor was placed in charge of the business at her request, but both of these allegations she flatly denied.   When she replied that it was not true that the business was to be carried on by the assignee and the assignor as alleged in the answer, it was a denial of the assertion in the answer on that subject, because the answer did aver that the business was carried on by the assignee with the assignor in charge.   It seems to us that the material averments in the answer are all denied by the replication, and that the facts admitted in the answer are quite sufficient to require an accounting by the assignee.   The suggestion of the statute of limitations has no merit.   The assignee is a trustee, and he cannot plead the statute against creditors who are cestuis que trust, and who are interested as owners of the assigned estate: Miller's Appeal, 35 Pa. 481, and many other cases.

The decree is reversed and the rule for an account is made absolute at the cost of the appellee.