# Hoyt *v.* Kingston Coal Company, Appellant.

| 203 | 509 |
| 206 | ¹127 |
| 203 | 509 |
| 212 | 195 |
| e212 | 199 |

*Equity—Equity practice—Findings of fact and conclusions of law.*

Where counsel present requests for findings of fact and for conclusions of law, the judge is bound to answer each by adopting, affirming, qualifying or denying it. It is not sufficient that such requests may be substantially answered by the judge's own independent findings, if he does not indicate in connection with each request itself what he regards as his answer, to be found in his own independent findings.

If a decree be made without answering requests for findings of fact and law, such decree will be vacated and set aside by the appellate court, and the record remitted with direction that the requests for findings of fact and law be answered, and that after the requests so presented and answered have become a part of the record in the case, the decree be made.

Argued April 17, 1901. Reargued April 14, 1902. Appeal, No. 34, Jan. T., 1901, by defendant, from decree of C. P. Luzerne Co., March T., 1896, No. 2, on bill in equity in case of John D. Hoyt et al. v. Kingston Coal Company. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an account and for an injunction.

From the record it appeared that various requests for findings of fact and conclusions of law were presented by the defendant, but that none of these were answered or considered, except in so far as some of them may have been substantially answered in the judge's own findings and conclusions.

The court entered a decree for the plaintiffs.

*Errors assigned*, among others, were in not answering requests for findings of fact and conclusions of law.

, *Henry W. Palmer* and *Samuel Dickson*, with them *A. L. Williams*, for appellant.

*John G. Johnson* and *Henry A. Fuller*, with them *Charles N. Loveland* and *George R. Bedford*, for appellee.

OPINION BY MR. JUSTICE BROWN, October 13, 1902:

Nine requests for findings of fact and for conclusions of law were presented by the appellant to the court below, but not

one of them was formally adopted, affirmed, qualified or denied. All seem to have been formally ignored when the learned judge below filed his findings of fact and law in his own language; and, when notice was again called to them by exceptions, no disposition was made of them. Under the rule as to findings by a judge, sitting as chancellor, it was the right of counsel for the defendant to present these requests, and it was the duty of the judge to answer each by adopting, affirming, qualifying or denying it. He could not apparently utterly ignore them. He was not confined in his findings to what might have been brought to his attention by the requests presented to him, for " he may state his findings of fact or of law in his own language; " but the rule clearly contemplates answers to the requests presented, for they, together " with the answers thereto, and the findings of the judge, both of law and fact, shall be filed by the prothonotary, and become thereby part of the record of the court in the said case." It is true, some of the requests are substantially answered in the findings of the judge, as, for instance, the seventh request for the finding of the fact: " That by the present method of preparing coal for market, slate and bony coal formerly not salable is broken and royalty paid thereon, which is advantageous to the landlord." This, however, is not the proper practice. Each request should be formally disposed of, and if the judge feels that, in the findings " in his own language," he has answered it, he should say so by indicating, in connection with the request itself, what he regards as his answer, to be found in his own independent findings. The letter and spirit of the rule require this. With unanswered requests brought up on appeal, it is not for us, after reading each, to turn to the independent findings of the judge to discover whether he has considered it, and then to determine what he wishes to be considered as his answer. Nor is it for us to find facts in the first instance; our province is to review what has been found.

But, if some of the requests in the present case were substantially answered in the independent findings of the judge, others were not. The ninth request for a finding of fact was: " That by the methods of mining in use when the lease was made, the Orchard and Lance veins were not minable, whereas by the methods now practiced of preparing coal, the said veins are made available. The value of the mine to the lessor is thereby largely

increased." If the learned judge had any opinion as to what his answer ought to have been to this request, it cannot be found in his findings ; and yet the affirmative answer to it, to which counsel for appellant insist they were entitled, might make it, as they contend it would, material in determining the decree that ought to be made. If it had been affirmed, but, in the judgment of the judge, the fact found was not material, he could have said so in his answer, and the review on this appeal would not be of the finding of the fact, but simply as to its materiality. The decree below is vacated and set aside, and the record remitted, with direction that the requests for findings of fact and law presented by the defendant be answered, as required by the equity rules and as indicated in this opinion, and that, after the requests, so presented and answered, have become part of the record in the case, a decree be made.