## Reid, Appellant, *v.* Reid, et al. (No. 1).

*Equity—Equity practice—Findings—Answers to requests—Adjudication—Equity rule No. 62.*

1. It is reversible error for a court of equity to file a party's
requests for findings of fact or conclusions of law without other
answer than that they are refused "to the extent that they are
inconsistent with" the findings of fact and conclusions of law
as filed by the court of its own motion. The court should
answer all requests made by a party, either by affirming or
denying them, or, if its own findings sufficiently cover any of them,
then, in every such instance, by an express reference; designating
such findings, in accordance with equity rule No. 62. This par-
ticularly is the case where the facts in certain of the unanswered
requests are not specifically covered in the court's own findings,
and findings thereof are essential to a proper consideration of the
case.

2. The only safe course for a chancellor to pursue in writing
an adjudication is to follow the equity rules as they have been
construed by the Supreme Court.

Argued May 7, 1912.    Appeal, No. 30, Jan. T., 1912,
by plaintiff, from decree of C. P. Fayette Co., No. 598,
in Equity, awarding distribution in case of J. M. Reid
v. E. H. Reid, Celia M. R. Boyts, Executrix of B. F.
Boyts, deceased, George R. Scull, Administrator of
Edward Scull, deceased, and Somerset Trust Company,
trustee.    Before FELL, C. J., MESTREZAT, POTTER, EL-
KIN and MOSCHZISKER, JJ.    Reversed.

Bill for an account.   Before UMBEL, P. J.

172 REID, Appellant, *v.* REID, et al. (No. 1).

The facts appear by the opinion of the Supreme Court. See also Reid v. Reid (No. 2), 237 Pa. 176, and. Reid v. Reid (No. 3), 237 Pa. 182

*Errors assigned,* among others, were (12-13-16-19) in not answering plaintiff's requests, and (11.) the decree of the court.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant—It is error for the court not to answer the requests for findings of fact and conclusions of law filed by a party. Hoyt v. Kingston Coal Co., 203 Pa. 509; Lehigh Valley Coal Co. v. Everhart, 206 Pa. 118.

*James S. Moorhead,* with him *John Duggan, Jr.,* and *Robert W. Smith,* for *E. H. Reid,* appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 2, 1912:

The Connellsville and Ursina Coal and Coke Company and the Ursina & Norfolk Railway were joint enterprises, the capital stock of which was owned as follows: E. H. Reid, 18-40, J. M. Reid, 10-40, B. F. Boyts, 9-40, and the Scull Estate, 3-40; for which certificates were never actually issued. On January 27, 1900, J. M. Reid by a writing formally transferred his interest in this stock and all claims and accounts that he might have against the two companies to E. H. Reid, and the latter signed an agreement acknowledging that he had received from the former "a transfer of his stock ..... for which I will pay him four months from date the sum of $22,695.88, or if not paid will return this transfer." The consideration was not paid within the four months, and J. M. Reid claims that all rights under the assignment were forfeited, as though it had never been executed; on the other hand, E. H. Reid contends that his rights were not impaired by the nonpayment of the consideration within the four months, since J. M.

Reid had waived the time limit and had thereafter recognized the validity of the assignment.

A fund was realized from a sale of the property of the two companies [as more particularly set forth in the opinion this day filed in Reid v. Reid, et al. (No. 2), 237 Pa. 176], and after the payment of certain obligations there remained a considerable balance for distribution to the stockholders. This was in the hands of the Somerset Trust Co., which declared its purpose to recognize E. H. Reid to the exclusion of J. M. Reid in making division thereof; whereupon the latter commenced these proceedings to restrain the proposed distribution and to secure a division of the fund by a decree of court. In his bill the plaintiff claimed that he owned the stock in question, and the defendant, E. H. Reid, answered, denying this claim of ownership and averring that the stock, etc., had passed to him by virtue of the aforesaid assignment. At hearing the court below found in favor of E. H. Reid and made the award accordingly. J. M. Reid appealed; he states but two questions involved, which we will take up in order.

First, "Is it error for the court not to answer requests for findings of fact and conclusions of law?" The trial judge wrote an adjudication in which he made his own findings and conclusions, and he subsequently filed an order placing the plaintiff's formal requests upon the record, stating, "These requests have been delivered to the prothonotary by the trial judge with his own findings and conclusions," and adding, "It is ordered that they be marked as filed as of the date of the filing of the said findings of fact and conclusions ...... and it is further ordered that to the extent that they are inconsistent with such findings of fact and conclusions of law, they be and are hereby refused." This was the only direct answer made to the plaintiff's requests. We have read all the findings of the court below and also the unanswered requests, and we do not find anything in the former which specifically covers

174    REID, Appellant, *v.* REID, et al. (No. 1).

Opinion of the Court.                    [237 Pa.

the facts asserted in certain of the latter. For instance, the plaintiff asked the court to say that E. H. Reid had not claimed ownership of the appellant's interest in these corporations until a short time prior to November 4, 1909, and that after the expiration of the four months E. H. Reid had repeatedly assured the appellant that he would get his full share of the proceeds from the sale of the property of the two companies. Although these facts asserted by the plaintiff may appear inconsistent with certain of his actions in connection with the stock in question whereby he apparently admitted the ownership of E. H. Reid, yet his explanation is that these so-called acknowledgments of ownership out of himself were only for the purpose of protecting the trust company which was holding the stock and which had issued a declaration of trust recognizing E. H. Reid as the owner of the part now claimed by the appellant, and that they were made upon the express assurance of E. H. Reid that in the final distribution by the trust company the appellant should receive his full share of the fund. In this connection the plaintiff requested the court below to find, "That no act had been done or performed by any of the parties mentioned in said deed of trust on the strength thereof;" no doubt in order to shut off an assertion of estoppel against him.

The appellant was entitled to specific answers to his requests, and if the facts asserted in those to which we have particularly called attention were found as therein stated, the court should have dealt with the legal effect of such facts in its conclusions of law and should have given us the benefit of a discussion thereof in its opinion. In fact the court should have answered all the requests made by the appellant either by affirming or denying them, or, if its own findings sufficiently covered any of them, then, in every such instance, by an express reference designating such findings. Equity rule 62 provides, "The counsel for the respective parties

REID, Appellant, *v.* REID, et al. (No. 1).    175

1912.]                    Opinion of the Court.

may present ...... requests for findings both of facts and law. ...... The judge may adopt or affirm these requests, or any of them, qualify or deny them, or state his findings of fact or of law in his own language." There can be no dispute at the present day over the meaning of this rule, for we have more than once construed it in plain language.   In Lehigh Valley Coal Co. v. Everhart, 206 Pa. 118, we determined, "The language of the rule applies to each request, and it is the duty of the judge to make a separate and distinct answer to each request as directed by the rule."   Again, in Hoyt v. Kingston Coal Co., 203 Pa. 509, we said, "Each request should be formally disposed of, and if the judge feels that in the findings in his own language he has answered it, he should say so by indicating in connection with the request itself, what he regards as his answer, to be found in his own independent findings. The letter and the spirit of the rule require this. With answers and requests brought up on appeal, it is not for us, after reading each, to turn to the independent findings of the judge to discover whether he has considered it, and then to determine what he wishes to be considered as his answer."

If the court below thought the requests bad in form or that the facts asserted therein were immaterial, the chancellor should have so stated, and on review the only questions would be as to their form or materiality: Hoyt v. Kingston Coal Co., 203 Pa. 509.   But in view of the fact that the chancellor seems to have based his conclusion largely upon the apparent admissions of the appellant to the effect that the stock in question belonged to E. H. Reid, it is essential, on review, to have findings concerning the real understanding between the parties when these declarations were made; for if, as the appellant contends, the so-called admissions were merely for the purpose of reassuring the trust company, without prejudice to anyone, and upon an understanding that, as between E. H. Reid and J.

M. Reid, the rights of the latter were acknowledged by the former, then the facts in the appellant's requests might have a distinct bearing, and should have been found one way or the other. The only safe course for a chancellor to pursue in writing an adjudication is to follow the equity rules as they have been construed by this court.

The second question stated as involved in this appeal goes directly to the merits of the case; hence, it cannot be considered until the appellant's requests have been dealt with by the learned court lelow. The decree is vacated and set aside, and the record is remitted, with directions that the requests for findings of fact and conclusions of law presented by J. M. Reid be answered, as required by the equity rules and as indicated in this opinion; and that, after the requests have been answered and made part of the record, a decree be entered. The costs of this appeal to be paid by E. H. Reid, appellee.