# Reid *v.* Reid, et al., Appellant (No 2).

*Equity—Trusts and trustees—Claim against trust fund—Statute of limitations.*

1. In an equity proceeding to control the distribution of proceeds of the sale of the property of a corporation in which the award was made in accordance with a scheme of distribution previously arranged by the parties, it is not error for the court to disregard the claim of one of the stockholders where it appears that the claim was stale and outlawed when asserted.

*Trusts—Trustees—Trust company—Interest on trust funds.*

2. A trust company which commingles funds held by it in trust for certain specified uses with its general deposits, in the form of a general checking account in its own name, as trustee, should pay the same interest thereon that it would pay to a third party who carried with it a deposit of like character.

Argued May 7, 1912.   Appeal, No. 36, Jan. T., 1912, by Celia M. R. Boyts, Executrix of B. F. Boyts, deceased, from decree of C. P. Fayette Co., No. 598, in Equity, directing distribution in case of J. M. Reid v. E. H. Reid, Celia M. R. Boyts, Executrix of B. F. Boyts, deceased, George R. Scull, Administrator of Edward Scull, deceased, and Somerset Trust Company, trustee. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Modified.

Bill for an account.   Before UMBEL, P. J.

The facts appear by the opinion of the Supreme Court. See also Reid v. Reid (No. 1), 237 Pa. 171, and Reid v. Reid (No. 3), 237 Pa. 182. The fifth conclusion of law reached by the trial court was as follows:

"V.   The Somerset Trust Company, trustee, having accepted the trust for the mere purpose of converting the property into money and distributing it among those entitled thereto, and for the collection of the mortgage against Wilfred Johnson, and having been ready and willing at all times to pay over the money when thereunto required, and having made repeated efforts from the time it received the trust fund into its custody to get the parties to agree upon a proper distribution, and the delay having been occasioned by the acts and disagreements of the cestuis que trust without fault or dereliction of any kind on the part of the trustee, therefore under all the evidence the trustee is not liable for the payment of any interest of said fund."

*Errors assigned,* among others, were (5) in dismissing exceptions to fifth conclusion of law, and (7) the decree of the court.

*D. W. McDonald,* of *McDonald & Cray,* with him *Reppert, Sturgis & Morrow,* for appellants.—The trust company should pay interest upon the funds in its hands: Fox v. Wilcocks, 1 Binney, 194: Say v. Barnes,

4 S. & R., 112; Baker's Appeal, 8 S. & R., 12; Landis v. Scott, 32 Pa. 495; Pennypacker's Appeal, 41 Pa. 494; Lukens's Appeal, 47 Pa. 356; Hughes' Appeal, 53 Pa. 500; Bruner's Appeal, 57 Pa. 46; Cooper v. Scott, 62 Pa. 139; Findlay v. Smith, 7 S. & R. 264; Verner's Est., 6 Watts 250; Robinett's Appeal, 36 Pa. 174; Norris' Appeal, 71 Pa. 106; Gilbert's Appeal, 78 Pa. 266; Clauser's Est., 84 Pa. 51; Seguin's Appeal, 103 Pa. 139; Mulholland's Est., 175 Pa. 411; Hertzler's Est., 192 Pa. 531; Myers' Est., 13 Pa. Superior Ct., 476; Flynn's Est., 21 Pa. Superior Ct., 126.

*Ed. B. Scull,* with him *John Duggan, Jr.,* and *Chas. F. Uhl, Jr.,* for Somerset Trust Co., appellee.—Interest is not to be paid by a mere trustee for the money which he held for the use of another, unless he neglects to pay it on demand: Knight v. Reese, 2 Dallas 182; Yoder's Appeal, 45 Pa. 394; Wallace's Appeal, 3 W. N. C. 468; Witmer's Appeal, 87 Pa. 120; Griffith's Est., 147 Pa. 274; Hess' Est., 68 Pa. 454; Dorris v. Miller, 105 Iowa 564, (75 N. W. Repr. 482).

*James S. Moorhead,* with him *John Duggan, Jr.,* and *Robert W. Smith,* for E. H. Reid, appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 2, 1912:
    E. H. Reid, B. F. Boyts and the estate of Edward Scull, deceased, held control of the entire capital stock of the two corporations named and more particularly described in the opinion filed this day in Reid v. Reid, et al. (No. 1), 237 Pa. 171. By an amicable arrangement, all the property of both of these corporations was sold to one Johnson, and a mortgage was taken in part payment of the purchase money in the name of the Somerset Trust Co., as trustee; which company, on April 6, 1903, executed a deed of trust wherein it declared that this mortgage was held for the three stockholders before named. Subsequently the trust company collected the

mortgage with accrued interest and made certain payments, not in controversy, out of the fund. In December, 1905, the three cestuis que trustent met and agreed upon a scheme of distribution for the balance held by the trust company; but afterwards B. F. Boyts declined to abide by this arrangement. Later, in December, 1905, Celia M. R. Boyts, the wife of B. F. Boyts, notified the trust company that she had a claim on the fund which she would bring a suit to establish, and that it should not pay out any of the money in its hands. Mrs. Boyts instituted the suit, but when the case was called for trial in 1909 she failed to maintain her action and the judgment went against her. On March 5, 1910, the trust company notified the three cestuis que trustent, and also J. M. Reid, who likewise had given notice that he had an interest in the fund, that it would pay out the money in accordance with the scheme of distribution agreed upon in December, 1905, unless restrained from so doing; whereupon, on March 18, 1910, J. M. Reid filed the bill which gave rise to the adjudication from which this and the two other appeals in the present case were taken. The purpose of the bill was to restrain the trust company from making the proposed distribution and to have the court control the division of the fund. In his answer filed May 2, 1910, the defendant, B. F. Boyts, who subsequently died and was succeeded upon the record by his executrix, the present appellant, asserted a claim against the fund for $7,726.56, which he sought to maintain at hearing. But the learned court below disallowed the claim and made the awards in accordance with the scheme of distribution previously arranged between the parties; and in so doing it failed to charge the Somerset Trust Company with any interest on the fund, saying in this connection, "The Somerset Trust Company, trustee, having accepted the trust for the mere purpose of converting the property into money and distributing it among those entitled thereto, and for the collection of the mort-

gage against Wilfred Johnson, and having been ready and willing at all times to pay over the money when thereunto required, and having made repeated efforts from the time it received the trust fund into its custody to get the parties to agree upon a proper distribution, and the delay having been occasioned by the acts and disagreements of the cestui que trust without fault or dereliction of any kind on the part of the trustee, therefore, under all the evidence the trustee is not liable for the payment of any interest on said fund." Celia M. R. Boyts, executrix, has appealed and states two questions involved, (a) Did the arrangement for distribution agreed upon in December, 1905, constitute a contract binding upon the parties thereto? (b) Should the trust company have been charged with interest?

In the absence of specific answers to the requests for findings made by J. M. Reid,—the filing of which is directed by this court in the before mentioned opinion disposing of his appeal,—we cannot pass final judgment upon the distribution ordered by the court below. But, without considering or in any manner adjudicating the question of the interest of the said J. M. Reid, we may say that the distribution appears to be in accord with what was the desire of all the parties who held control of the stock of the two corporations in December, 1905, including the appellant's decedent; and even though their agreement that the fund should be so divided may not have constituted a binding contract, yet we would not set aside the distribution unless satisfied that it worked a wrong or injustice to someone entitled to complain. Therefore, in this connection, the point to be first determined is, was error committed in disregarding the claim asserted by B. F. Boyts? For if no error was committed in that regard, the appellant is not in a position to complain of the distribution. The claim under consideration was "for moneys advanced to the two companies prior to the sale of their properties," and the last item in each of the three several

statements of the account upon which it rests, as set forth in the answer filed by Boyts, is dated July 7, 1903, July 25, 1904, and January 26, 1900, respectively. These dates show that the claim was stale and outlawed when asserted in 1910; hence we cannot say that the learned court below committed error in disregarding it. [See our opinion in Reid v. Reid, et al. (No. 3), 237 Pa. 182, filed this day.] Under these circumstances it is unnecessary to rule the first question stated by the appellant.

The court below found, "that the Somerset Company, trustee, did not keep the moneys arising from this fund in the trust department of the said corporation but commingled the funds with the general deposits in the said institution, in the form of a general checking account, and that all of the said trust funds, from the time they were received until portions were actually paid out, has constituted a portion of the assets of the said corporation, and has been used either as a reserve, or as money loaned out, being included either in the cash on hand, balance with reserve agents, balance due from banks, loans and discounts, notes or mortgages held by the said company." As we understand the case, from the above findings and the testimony upon the subject, the defendant trust company treated the fund in question as though deposited with it by a third party in a general checking account. The moneys of the two corporations were kept in a separate account, designated in the books of the trust company as the account of "Somerset Trust Company, trustee, for E. H. Reid, B. F. Boyts, and Edward Scull Estate." Whether or not a trustee should be made to pay interest depends largely upon the circumstances in each case, and no general rule can be laid down upon the subject. In the present instance, while we cannot say that the defendant trust company was bound to invest the funds or that it was chargeable with negligence for not so doing, yet we feel that it should pay the same interest

thereon that it would pay to a third party who carried with it a deposit of a like character, that is, an account subject to check. The court below should ascertain the rate of interest paid on such accounts and the relevant facts in connection with this particular deposit, and charge the defendant trust company accordingly.

We have already, in the appeal of J. M. Reid, entered an order vacating the decree in this case and remitting the record so that certain requests for findings may be answered before a final decree is entered. When that is done, it is ordered that the court below charge the defendant trust company with interest in accordance with its findings in regard thereto and with the views herein expressed; said company to pay the costs of this appeal.