## Reid v. Reid, Appellant (No. 3).

*Statute of limitations—Trust and trustees—Corporations— Trust for stockholders—Provision for liquidation of debts—State claims.*

1. A fund arising out of the sale of property of certain corporations was held in trust, under an arrangement entered into by the several persons who had control of the entire capital stock of the companies, to be applied, first, to the liquidation of the debts of the corporations "payable to persons not stockholders." There was no evidence that the trust was intended to apply so as to revive stale unenforcible claims or have the effect of keeping alive claims that otherwise would be outlawed. In a proceeding to control the distribution of the fund, a claimant sought to come in upon the fund for a claim based upon a book account which was barred by the statute, which was pleaded by other parties in interest. *Held,* that the claim was properly disallowed.

Argued May 7, 1912. Appeal, No. 31, Jan. T., 1912, by J. M. Reid, surviving partner of J. M. DuShane, B. F. Boyts and J. M. Reid, late partners, doing business

under the firm name of Boyts, Porter & Co., from decree of C. P. Fayette Co., No. 598, in Equity, in the case of J. M. Reid v. E. H. Reid, Celia M. R. Boyts, executrix of B. F. Boyts, deceased, George R. Scull, administrator of Ed. Scull, deceased, and Somerset Trust Company, trustee. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Dismissed.

Bill for an account. Before UMBEL, P. J.

The opinion of the Supreme Court states the case. See also Reid v. Reid (No. 1), 237 Pa. 171, and Reid v. Reid (No. 2), 237 Pa. 176.

*Error assigned* was the decree of the court

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellant, cited: Johnston v. Humphreys, 14 S. & R. 394.

*Jas. S. Moorhead,* with him *John Duggan, Jr.,* and *Robert W. Smith,* for E. H. Reid, appellee.

*Ed. B. Scull,* with him *John Duggan, Jr.,* and *Chas. F. Uhl, Jr.,* for George R. Scull, administrator of Ed. Scull, appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 2, 1912:

The Somerset Trust Company had in its hands a sum of money arising from the sale of the property of the two corporations named and more particularly described in the opinion filed this day in Reid v. Reid, et al. (No. 1), 237 Pa. 171. The fund came to the defendant trust company under an arrangement entered into in January or February, 1901, by the several persons who had control of the entire capital stock of these two companies, and it was to be applied, first, to the liquidation of the debts of the corporations "payable to persons not stockholders." A proceeding was instituted looking to the proper distribution of the

fund, and the appellant, J. M. Reid, as surviving partner
of the firm of Boyts, Porter & Co., put in a claim for al-
leged indebtedness to his said firm arising out of two
accounts against these corporations.

The property of the two companies was sold in April,
1901; a declaration by the defendant trust company
setting forth for whom it held such property was made
April 6, 1903, and the bill instituting the present pro-
ceedings for the proper distribution of the proceeds
thereof was filed March 18, 1910, [as more specifically
detailed in the opinion this day filed in Reid v. Reid,
et al. (No. 2), 237 Pa. 176]. The two book accounts
which form the basis of the appellant's claim, began, the
first of them, November 22, 1887, and ended August 22,
1894, and the second, August 16, 1888, and ended March
25, 1901. No effort was made to collect either of these
accounts until the year 1910, when the appellant filed a
petition averring that Boyts, Porter & Co. were credi-
tors of the two corporations whose funds were about to
be divided, and praying leave to intervene in the distri-
bution proceedings. To this petition two of the stock-
holders of these corporations, representing more than
half of their capital stock, filed answers, averring
inter alia, the bar of the statute of limitations; and at
hearing the court below disallowed the appellant's
claim. But one question is stated as involved in this
appeal, i. e., under the circumstances of the present
case was it proper to apply the bar of the statute to the
claim?

The declaration by the defendant company and all
of the surrounding facts show that the trust was in-
tended for the benefit of the stockholders of the two
corporations whose property had been sold, and that
its real purpose was to secure a proper distribution to
them of the net assets arising therefrom; but of course
the trust could not have been sustained in law had
it failed to give priority to all creditors holding en-
forceable claims against these corporations. There is,

however, no evidence that the trust was ever intended to apply so as to revive stale unenforceable claims or to have the effect of keeping alive claims that otherwise would have become outlawed, and we cannot agree with the appellant's contention that it should be so viewed. Certainly, so far as creditors are concerned, it cannot be maintained that the defendant company held the funds upon a technical trust falling exclusively within the jurisdiction of equity, as to which the statute of limitations would have no application; it was a trust primarily for the stockholders of the two corporations, and incidentally for the benefit of creditors who had enforceable claims against these corporations, and all such claims could have been enforced by actions at law as well as in equity; cases of this character are "not without the operation of the statute of limitations under the notion of a trust, although they are cases of express and direct trusts:" Lyon v. Marclay, 1 Watts 271, 275; also see Zacharias v. Zacharias, 23 Pa. 452; Barton v. Dickens, 48 Pa. 518; Yorks's App., 110 Pa. 69; Hostetter v. Hollinger, 117 Pa. 606; Miller v. Fulton, 206 Pa. 595, and Dorrence v. Ryon, 35 Pa. Superior Ct. 180.

The corporations whose funds were in course of distribution might well have pleaded the statute against the appellant's claim; and had this been a statutory proceeding for the dissolution of these concerns and the division of their assets, we must assume from the findings and conclusions of the learned court below that such a plea would have been allowed. But instead of dissolving the corporations and dividing the assets in accordance with the statutory method, those who had control of the capital stock undertook, in good faith, to secure a proper division of such assets by the course here pursued; and the legality or justice of this has not been questioned by any of the appellants. In fact, the present appellant, in his petition to intervene, expressly states, "That your petitioner is willing that the said fund be distributed, and desires that the suit al-

ready instituted for the purpose may be maintained." Under the peculiar circumstances of this case, since the statute of limitations was formally pleaded by parties to the record in a proceeding in which the appellant asked leave to intervene and expressed his desire to maintain, we cannot rule that the court below committed error in sustaining the pleas and disallowing the claim presented by him.

This appeal is dismissed at the cost of the appellant.