# Palmer Water Co. *v.* Lehighton Water Supply Co., Appellant.

*Equity—Practice, equity—Requests for findings of fact—Duty of court to answer.*

1. Where a properly drawn request for findings of fact in an equity case, has admitted evidence to support it, the fact involved should be found according to the belief of the chancellor; if not drawn properly, the request should be refused on that ground; or, if the fact involved be deemed immaterial, the chancellor should so state in his answer, after making the finding.

2. Under such circumstances, it is improper practice to refuse the request without explanation.

Argued October 2, 1923. Appeal, No. 29, 1924, by defendant, from decree in equity C. P. Carbon Co., June T., 1912, No. 1, on bill in equity in case of Palmer Water Co. v. Lehighton Water Supply Co. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Record remitted.

Bill in equity for injunction. Before GARMAN, J., specially presiding.

When this appeal was called for argument counsel for appellant suggested that the record was not in proper condition for review; this suggestion was sustained, and the Supreme Court subsequently filed the following Per Curiam opinion and order.

*P. F. O'Neil,* with him *A. T. Walsh, F. W. Wheaton* and *Freyman, Thomas & Branch,* for appellant.

*Stevens Heckscher,* of *Duane, Morris & Heckscher,* with him *Arch. T. Johnson* and *Jacob C. Loose,* for appellee.

PER CURIAM, October 17, 1923:

In May, 1919, this record was returned to the court below (see 265 Pa. 199) that "proper and consistent findings of fact" might be made; counsel now again complain that the chancellor, in stating his answers to several requests for findings of fact, has failed to comply with the requirements of our equity rules, and, as a consequence, the record is not in proper condition for review.

In Hoyt v. Kingston Coal Co., 203 Pa. 509, 511, we said, when a request contains a fact which, from the standpoint of the party submitting it, may be material in determining the decree that should be entered, and evidence has been received on the issue involved, such party is entitled to a direct finding of the fact one way or the other, adding that, even though the chancellor judged the fact in question to be immaterial, he should, nevertheless, affirm or deny it, stating in his answer that, while he had made the finding, he believed the fact immaterial; then the question of its materiality could be raised on appeal, and, if determined to be material, the fact could be dealt with as found, or, if adjudged not material, the finding could be dismissed from consideration.

Again, in Reid v. Reid, 237 Pa. 171, 174, 175, we said that a party litigant was entitled to specific answers to his requests, and also to have the court below treat of the legal effect of such facts as it might find, giving the appellate tribunal "the benefit of a discussion thereof in its [the trial tribunal's] opinion," adding, "if the court below thought the request bad in form, or that the facts asserted therein were immaterial, the chancellor should so state, and, on review, the [first] questions would be as to their form or materiality."

So, also, in Glenn v. Trees Oil Co., 266 Pa. 74, 81, 82, we said that a chancellor should not decline requests for findings of fact on the ground that they are immaterial, but the correct practice was to either affirm or deny

every properly drawn point, stating the view that the facts involved were immaterial, if the chancellor so believed, and leaving that question of law to be passed upon finally by the appellate tribunal.

The spirit, if not the letter, of the above-cited opinions construing our equity rules, plainly requires that, where a properly drawn request for finding of fact has evidence admitted to support it, the fact involved shall be found according to the belief of the chancellor; that, if not drawn properly, the request shall be refused on that ground, or, if the fact involved be deemed immaterial, the chancellor shall so state in his answer, after making the finding; finally, under such circumstances, it is improper practice to refuse the request without explanation.

The present adjudication fails to meet the requirements of the situation in several particulars, as stated by counsel for appellant at argument in this court and not denied by the other side. After counsel shall point out to the chancellor the defects indicated to us, the court below is directed to comply with the equity rules as construed in the above-cited cases, to answer fully all properly drawn requests, and, after disposing of exceptions, should there be any, to such answers, if the decree is not so altered as to require a new appeal, to send the record here so that argument on the present appeal may be heard at the January Term, 1924, in Philadelphia.