# Gruber *v.* Hays, Appellant.

*Equity—Findings of fact—Trust and trustees.*

1. A chancellor's findings of fact as to the existence of a trust if based on sufficient evidence, will not be reversed on appeal, in the absence of manifest error.

*Equity—Trust and trustees—Laches—Statute of limitations—Loan—Payment.*

2. Laches cannot be imputed to a plaintiff in a bill to declare a trust in securities, and for an accounting, where it appears that the plaintiff was not entitled to the possession of the securities until shortly before the bill was filed.

3. Where a proceeding is one to enforce an express trust, and the evidence shows defendant's failure to deny liability, the statute of limitations does not apply.

4. Where a son buys stock for his father with the latter's money, but holds the certificates, and the father subsequently assigns the stock to another as security for a loan, the assignee is not barred from an accounting from the son for the stock, because, five years after the assignment, the father on becoming bankrupt had not listed his claim against his son or the debt due the assignee, if it appears that the assignment was absolute on its face and in consideration of a sum specified.

5. Under such circumstances, the parties apparently treated the debt due the assignee as cancelled by the assignment.

Submitted April 14, 1924.    Appeal, No. 36, Oct. T., 1924, by defendant, from decree of C. P. Allegheny Co., April T., 1923, No. 1130, on bill in equity, in case of William J. Gruber v. Walter J. G. Hays.    Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Bill for account and to declare a trust.    Before EVANS, J.

The opinion of the Supreme Court states the facts. Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*W. B. Secrist,* for appellant.

*Herbert Patterson,* for appellee.

OPINION BY MR. JUSTICE FRAZER, May 12, 1924:

The appeal here is from a decree in equity directing an accounting of the proceeds of 454 shares of preferred and 60 shares of the common capital stock of the Independent Brewing Company of Pittsburgh, which plaintiff, as assignee, claims were purchased by defendant for and on account of the latter's father, William E. Hays, who, in turn, assigned the stock to plaintiff as collateral security for a loan. Defendant appealed.

The testimony was conflicting but fully supports the findings of fact and justifies the legal conclusion reached by the chancellor.

From the testimony offered on behalf of plaintiff it appears defendant, who attended personally to his father's business affairs, purchased for account of the latter, 400 shares of the stock in question, in part payment of which he received from his father the sum of $2,000. The stock was not actually issued or transferred to the latter, the title being held by defendant and statements of the account given to his father from time to time. Defendant frequently admitted in the presence of witnesses that the stock was held by him for his father. In 1913 a stock dividend of 54 shares preferred and 60 shares common was declared on the stocks here in controversy and issued as a bonus. Although defendant claimed the shares were purchased with his money and for his personal account, the weight of evidence is to the contrary and fully supports the conclusion of the court below. Under the circumstances the court was justified

in ordering defendant to account for the stock with all accrued dividends.

We cannot assent to defendant's contention that plaintiff was guilty of laches in permitting the account to extend over a long period of years without compelling settlement. The shares were purchased in 1907, the assignment to plaintiff made in 1915 and this bill filed in 1923. The delay is amply explained by the fact that the stock had been carried on margin by the brokers until 1915, at which time the defendant paid the balance due the brokers and secured possession of the certificates. It was not until 1922 that the full purchase price of the stock was paid by the dividends declared thereon. Until that time plaintiff was not entitled to receive possession of the securities. The proceeding being one to enforce an express trust and the evidence showing defendant's failure to deny liability, the statute of limitations would not apply: Davidson v. Davidson, 262 Pa. 520, 523; Smith v. Smith, 38 Pa. Superior Ct. 251, 263.

The fact that in 1920 William E. Hays was declared bankrupt and had not listed either the claim against his son as part of his assets, or the debt due plaintiff in his list of liabilities is a matter to be considered against him; that circumstance, however, is sufficiently explained by the fact that the stock transfer to plaintiff was executed five years before the bankruptcy proceedings, was absolute on its face and made in consideration of the sum of $1,865.50; under these circumstances the parties apparently treated the debt to plaintiff as cancelled by the assignment.

The decree of the court below is affirmed at appellant's costs.