## JANSSEN et al. v. BANK OF PITTSBURGH NAT. ASS'N.

### No. 7294.

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1940.

Hugh C. Boyle, of Pittsburgh, Pa., for appellant.

Earl F. Reed, Kenneth G. Jackson, William C. O'Neil, and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for appellees.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

An inconsistency appears in the very fact of this litigation. Defendant is a national bank in receivership under the pertinent statute, 12 U.S.C.A. §§ 191–194. Plaintiff-appellees are the members of a well-known firm of architects in Pittsburgh, the home city of the bank. In 1927 a merger (a sign of those times) gave the bank additional acreage. Again a sign of those times, the first thought of the 30 directors of the combined bank was a building suitable to the new enterprise. That building was envisaged in elaborate plans for a building, "a block long", prepared by the plaintiff firm and by it submitted to defendant's building committee. These plans did their work too well, for their magnificence appears to have frightened the committee out of its intentions. At any rate a more modest effort (one story) was called for and in its turn submitted. Something else went wrong—one senses, rather than reads in the record, that this something else was external, general and topical (1929). At any rate again, this second set also remained on paper and still remains there. Under the sensible rules of the Society of Architects, the labor involved in preparation as well as in execution is acknowledged and entitles the architects to a percentage reward. For this plaintiffs sued. They brought their action against the receiver because the bank does not seem to have been able to survive even a merger, to say nothing of a new building. From their recovery of a verdict, this appeal is taken.

The defense interposed seems to us to derive from a dilemma. The plaintiffs have done the work and they should be, then, worthy of their hire. The receiver denies it to them because he says they have waited too long to claim it. One can only account for such a harsh position on his part by attributing it to some feeling of deep obligation. If he were, for instance, serving qua-trustee one could understand his preserving the trust estate even at the expense of individual inequity and hardship. It is just here that the inconsistency we began by referring to appears. His zeal is that of a trustee and yet his defense forces him into a contrary position.

The legislation for the liquidation of national banks does not provide for quite the desirable centralization of the analogous general bankruptcy.[1] It permitted the payment of claims "adjudicated in a court of competent jurisdiction", 12 U.S.C.A. § 194. That procedure was followed by the plaintiffs here and in that court of competent jurisdiction (the District Court for the

[1] Bankruptcy Act, Secs. 2, 11, 23, 60, sub. b, 67, sub. a(4), 70, sub. a(8), and 70, sub. e, 11 U.S.C.A. §§ 11, 29, 46, 96, sub. b, 107, sub. a(4) and 110, subs. a (8), e.

Western District of Pennsylvania) the receiver pleaded the Pennsylvania statute of limitations covering actions founded on contract.[2] Since the National Banking Act unlike the Bankruptcy Act[3] makes no provision for the suspension of such statute, it, as interpreted by the state courts, applies.[4] The state courts of Pennsylvania have decided that this statute may not be raised as a defense in actions between the trustee and cestui que trust of an express trust.[5] This rule is two hundred years old,[6] and it and its ratio decidendi have been thus stated: "As between trustee and cestui que trust, the rule has become well established in both England and this country since the early case of Cholmondeley v. Clinton, (1821) 4 Bli. 1, that the statute of limitations does not operate in the case of an express, technical trust so long as it continues. 2 Wood, Limitations, 4th ed., sec. 200, p. 948; * * * The reason underlying the rule is said to be that so long as the trust continues, the possession of the trustee is the possession of the cestui que trust, and thus there is no adverse holding upon which the statute of limitations can run. Bogert, Trusts, sec. 127, p. 552. * * *" Trusts-Trustees-Application of Statute of Limitations Between Trustee and Cestui Que Trust, 16 Minnesota Law Review 602, 603 (note)

Our problem becomes, then, one of scope. Is the line sharp and bright or is it wavy with bordering shadows? Must the trust be the conventional declaration or may it be judged by its other characteristics? The Pennsylvania cases, as we read them, adopt the latter and as we think sensible view. On the one hand, they include assignments for the benefit of creditors[7] and, on the other hand, they exclude liquidation where the actual cestuis are the stockholders rather than the creditors.[8] In thus setting the limits they, we think, emphasize the result rather than the cause. If the administrator of the fund is a fiduciary and if he is responsible to persons who are entitled to benefit thereby, the way in which he became such fiduciary and undertook such responsibility is not important. A receiver of a national bank has precisely the same functions and duties vis-a-vis its creditors as has an assignee for the benefit of creditors vis-a-vis those creditors; only the way in which he came into being is different. That is, in our opinion, a coincidental and extraneous fact without legal significance.[9]

The judgment of the District Court is affirmed.

---

[2] 12 P.S. § 31.

[3] 11 U.S.C.A. § 29, sub. f.

[4] Van Dyke v. Parker, 9 Cir., 83 F.2d 35.

[5] Fox v. Cash, 11 Pa. 207; Gruber v. Hays, 280 Pa. 489, 124 A. 688; Pennsylvania Co. v. Ninth Bank & T. Co., 306 Pa. 148, 158 A. 251; cf. Bogert on Trusts, [1921 Ed.] § 127, page 549; 37 C.J. 719, n. 82.

[6] First recognized in Lewellin v. Mackinworth, 2 Eq.Cas.Abr. 579, 2 Atk. 40. See 2 Perry, Trusts and Trustees (7th Ed.) sec. 858.

[7] In re Kaufman's Assigned Estate, 22 Pa.Co.Ct.R. 385; In re Floyd's Assignment, 47 Pittsb.Leg.J. 411; Heckert's Appeal, 24 Pa. 482; In re Passmore's Estate, 194 Pa. 632, 45 A. 417. A lower Pennsylvania court has specifically held that the appointment of a National Bank receiver suspends the operation of the statute of limitations, Medzvec v. First Nat. Bank of Uniontown, 30 Pa.Dist.R. 1019; cf. Riddle v. First Nat. Bank of Butler, C.C., 27 F. 503.

[8] York's Appeal, 110 Pa. 69, 1 A. 162, 2 A. 65; Reid v. Reid, 237 Pa. 182, 85 A. 87.

[9] It seems hardly necessary to cite the many cases wherein the courts have referred to receivers as trustees and receiverships as akin to express trusts. These cases include both banks and ordinary corporations. As to the first, Riddle v. First Nat. Bank of Butler, C.C., 27 F. 503, 506; Louis Snyders' Sons Co. v. Armstrong, C.C., 37 F. 18, 23; Chemical Nat. Bank v. Armstrong, 6 Cir., 59 F. 372, 28 L.R.A. 231; Merrill v. National Bank, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640; McDonald v. State of Nebraska, 8 Cir., 101 F. 171, 181; Medzvec v. First Nat. Bank of Uniontown, 30 Pa.Dist.R. 1019, and as to the second, Kirkpatrick v. McElroy, 41 N.J.Eq. 539, 7 A. 647; State ex rel. Godard v. State Bank, 84 Kan. 366, 114 P. 381; McGinnis v. Corporation Funding & Finance Co., D.C., 8 F.2d 532; McCormick v. Puritan Coal Mining Co., 3 Cir., 28 F.2d 331.